IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BENNIE A. COOPER, JR.,           )
                                 )
                Petitioner,      )
                                 )
v.                               )    Case No. CIV-09-877-R
                                 )
JUSTIN JONES, Director,          )
                                 )
                Respondent.      )

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered January 21, 2010 [Doc. No.17] and Petitioner's Objection to the Report and Recommendation [Doc. No. 23]. Petitioner objects to the Report and Recommendation on the grounds that the evidence was insufficient to convict Petitioner of assault and battery upon a juror, in violation of Okla. Stat. tit. 21, § 650.6(B), because the evidence did not show that Petitioner assaulted a juror <u>because</u> that person was a juror or, in the words of the statute, "because of said person's service in such capacity." Alternatively, Petitioner says that if the phrase just quoted is to be ignored or is to be considered but its meaning must be guessed, the statute is unconstitutionally vague. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

The jurors in Petitioner's case were not read the statute defining the offense of conviction. Rather, they were instructed that the State had to prove beyond a reasonable

doubt each of three elements for Petitioner to be convicted of the offense of assault and battery upon a juror, as follows:

> First, an assault and battery;
>
> Second, upon a juror of a State district court;
>
> Third, because of the juror's service in that capacity.

Instruction No. 13, Transcript of Original Record in *State v. Bernie Aaron Cooper*, *Jr.*, Case No. CF-2006-2004 in the District Court of Comanche County, Oklahoma, at p. 107.

From the testimony of Lieutenant C.H. Brazzell and Petitioner, reasonable jurors could infer that Petitioner committed an assault and battery on the juror, Mr. Collado, because he was a juror inasmuch as he was the member of the jury closest to the Petitioner and that Petitioner chose to assault that juror (as opposed to other jurors) because he was a man. Although Petitioner testified he could have chosen the bailiff, who was a woman, there was evidence that the bailiff had not come into the courtroom yet. *See* Transcript of Proceedings on April 30 and May 1, 2007 ("TR.") at p. 128 (Testimony of Lieutenant C.H. Brazzell on Cross-Examination). Petitioner testified that he "had to stop the trial," Tr. at p. 143, and that "just a mere touching of the . . . man in front of the jury would render this jury unable to make a fair and impartial verdict in the case that they were being put . . . in front of. That's why I touched . . . Mr. Collado." Accordingly, the Court finds Petitioner's Objection to be without merit.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 5544 is DENIED.

IT IS SO ORDERED this 17th day of May, 2010.

_DAVID L. RUSSELL_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE